United States District Court
Southern District of Texas
**ENTERED**
November 10, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Anthony Dewayne Rideau,  §<br>    Petitioner, §<br> §<br>v. § <br> §<br>Bobby Lumpkin, §<br>Director, Texas Department §<br>of Criminal Justice, Correctional §<br>Institutions Division, §<br>    Respondent. § | Civil Action H-21-3803 |

# Report and Recommendation

Anthony Dewayne Rideau, a Texas state inmate, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions for murder and aggravated assault. ECF No. 1. The respondent, Bobby Lumpkin, filed a motion to dismiss Rideau's petition. ECF No. 15. Rideau filed a response. ECF No. 19-1. The court recommends that the respondent's motion to dismiss be granted and Rideau's petition be dismissed with prejudice as time-barred.

*1. Background*

Rideau is in custody of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ) as the result of two state-court convictions in the 221st District Court of Montgomery County, Texas (Cause No. 15-08-08833-CR). ECF No. 16-21, at 14, 19. Rideau was charged with one count of murder and one count of aggravated assault. *Id.* at 12-13. Following a trial, a jury found Rideau guilty as charged and, on October 20, 2016, sentenced him to life imprisonment for murder and a two-year prison term for aggravated assault. *Id.* at 14-16, 19-21.

In January 2018, the Ninth Court of Appeals of Texas affirmed Rideau's convictions on direct appeal. *Rideau v. State*, Nos. 09-16-00411-CR, 09-16-00412-CR, 2018 WL 651775 (Tex. App.—Beaumont

2018, pet. ref'd). On August 22, 2018, the Texas Court of Criminal Appeals refused Rideau's petition for discretionary review. *Rideau v. State*, No. PD-0264-18 (Tex. Crim. App. 2018). Rideau did not seek further direct review. ECF No. 1, at 3.

On May 8, 2020, Rideau filed a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, collaterally challenging his convictions. *Ex parte Rideau*, Application No. WR-91,927-01. On April 14, 2021, the Court of Criminal Appeals denied his application, without written order or hearing, on the findings of the trial court and the court's independent review. *Id.*

Rideau filed his federal petition for writ of habeas corpus on November 14, 2021. ECF No. 1, at 18. Rideau raises the following grounds for relief:

- he received ineffective assistance of trial counsel because counsel failed to request a jury instruction on the issue of "multiple assailants," failed to object to the jury instruction on the issue of self-defense, and failed to hire or consult a forensic expert;
- he received ineffective assistance of appellate counsel because counsel failed to raise viable issues on appeal, including factual insufficiency in connection with the special issue of sudden passion;
- the trial court erred by allowing the State to introduce evidence of his prior assault conviction, by preventing the defense from introducing evidence of the victim's prior criminal history and probation status, by inadequately instructing the jury on the issue of self-defense, and by improperly dismissing the only black juror;
- he was denied a fair trial because African-Americans were excluded from the jury; and
- he is actually innocent of murder.

ECF Nos. 1, at 6-15; 2. The respondent moves for dismissal, arguing that Rideau's petition is time-barred. ECF No. 15.

2

*2. Statute of Limitations under 28 U.S.C. § 2244*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Because Rideau challenges state-court convictions, the limitations period for his claims began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Rideau's convictions became final on November 20, 2018, when his time to file a petition for writ of certiorari expired. *See* U.S. Sup. Ct. R. 13(1) (petition for writ of certiorari is timely when filed within 90 days after entry of order denying discretionary review in state court of last resort). That date triggered the limitations period,

3

which expired one year later on November 20, 2019. Rideau did not file this federal petition until November 14, 2021. Therefore, review of these claims is barred by the statute of limitations unless a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending does not count toward the one-year limitations period. Rideau filed his state habeas application on May 8, 2020. Because the limitations period had already expired by that time, Rideau's state habeas application did not toll the one-year limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

No other AEDPA provision applies to extend the limitations period. Rideau does not allege facts showing that he was precluded from filing a timely federal habeas petition as the result of state action, and none of his claims rely upon a constitutional right that has been newly recognized by the Supreme Court and made retroactive to cases on collateral review. Nor do any of Rideau's proposed claims implicate a factual predicate that could not have been discovered previously through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

3. *Equitable Tolling*

In his petition, Rideau argues he is entitled to equitable tolling because both appellate counsel and the court failed to notify him when his petition for discretionary review was refused.[1] ECF No. 1, at 17. In support of his argument, Rideau provides affidavits from himself and his wife stating that he was transferred to a different prison unit in January 2017 and did not receive any notice during that "period of

---

[1] In both his supporting memorandum and his response to the respondent's motion for summary judgment, Rideau appears to raise a different argument that appellate counsel failed to give notice under Rule 48.4 of the Texas Rules of Appellate Procedure, which requires an attorney to provide his client with a copy of the appellate court's opinion and judgment and notify the defendant of his right to file a *pro se* petition for discretionary review. ECF Nos. 2, at 2; 19-1, at 2-3. Because Rideau filed a timely petition for discretionary review, any delay in receiving the appellate court's opinion is irrelevant.

4

time." ECF No. 1-1, at 3, 5. Later, on an unspecified date, Rideau's wife contacted the Ninth Court of Appeals and learned that Rideau's petition "was denied back in August of 2018." *Id.* Rideau further asserts that he is entitled to equitable tolling because the COVID-19 pandemic has exacerbated these issues by limiting access to courts. ECF No. 1, at 17. He does not articulate how the pandemic has specifically limited his access.

The court may allow an untimely case to proceed if the facts present "sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Exceptional circumstances may include a situation where the petitioner was "actively misled" by the respondent "about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogration on other grounds recognized by Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013)). To warrant tolling, a petitioner must also demonstrate that he diligently pursued his rights despite the extraordinary circumstances that stood in his way. *Id.* A petitioner bears the burden to show that equitable tolling should apply. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (*modified on partial rehearing by* 223 F.3d 797 (5th Cir. 2000)).

Waiting to pursue one's claims is not sufficient to excuse a petitioner from the requirement to assert his claims in a timely manner. *Fisher*, 174 F.3d at 715 (citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989), for the proposition that "equity is not intended for those who sleep on their rights"). Moreover, ignorance of the law and lack of legal assistance, even for an incarcerated individual, generally do not excuse prompt filing. *See Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000) (ignorance of law, temporary denial of access to legal materials, lack of knowledge of filing deadlines, and inadequacies of a prison law library are insufficient to warrant equitable tolling).

Nothing in the record suggests that the State misled Rideau or prevented him from filing within the deadline. Nor does Rideau demonstrate that he diligently pursued relief. Although Rideau claims there was a delay in learning that his petition for discretionary review had been denied, he does not state what date he learned of the denial or what steps he took to keep abreast of his case. Rideau let more than seventeen (17) months pass after his conviction became final before he first sought to file a state habeas application. He then waited approximately seven (7) months after the Court of Criminal Appeals denied his state habeas application before filing his federal petition. Under these circumstances, Rideau fails to demonstrate that he is entitled to equitable tolling.

### 4. Actual Innocence

Finally, to the extent Rideau may assert that his actual innocence excuses his failure to file a timely petition, such an argument is equally unavailing. Actual innocence, if proven, may excuse a failure to comply with the one-year statute of limitations on federal habeas review. *McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013). "[H]owever, . . . tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). This exception requires the habeas petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Further, the newly discovered evidence must bear on the petitioner's actual innocence, not the legal insufficiency of the State's evidence. *See Bousely v. United States*, 523 U.S. 614, 623-24 (1998).

Rideau has failed to make the required showing. He does not present any new evidence that was unavailable at trial. Because Rideau fails to satisfy the demanding *Schlup* standard for actual innocence and does not otherwise establish an exception to the federal

limitations period, his claims are untimely and subject to dismissal with prejudice.

## 5. Conclusion

The court recommends that the respondent's motion to dismiss be granted and that Rideau's petition for writ of habeas corpus be dismissed with prejudice as time-barred.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on November 10, 2022.

_____
Peter Bray
United States Magistrate Judge